IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY, and
SIERRA CLUB,

        Plaintiffs,

    v.                                    CIVIL ACTION NO. 3:12-cv-0785

ELK RUN COAL COMPANY, INC.,
and ALEX ENERGY, INC.,

        Defendants.

### ANSWER OF DEFENDANTS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR CIVIL PENALTIES

        For its answer to the allegations of Plaintiffs' Complaint, Defendants Elk Run Coal Company, Inc. and Alex Energy, Inc. (collectively "Defendants") hereby respond to each of the numbered paragraphs set forth in the Complaint:

### INTRODUCTION

        1.      Paragraph 1 of the Complaint describes the nature of the legal action initiated by Plaintiffs to which no response is required. To the extent that paragraph 1 contains allegations of fact, Defendants deny them.

        2.      Defendants deny the allegations contained in paragraphs 2 and 3 of the Complaint.

### JURISDICTION AND VENUE

        3.      Paragraph 4 of the Complaint contains conclusions of law to which no response is required.

{C2321665.1}

4. Defendants admit that Plaintiffs gave notice of their intent to file suit to Defendants, but are without sufficient information to affirm or deny the remainder of the allegations contained in paragraph 5 of the Complaint.

5. Defendants admit that sixty days have passed since notice was served, but are without sufficient information to affirm or deny the remaining allegations contained in paragraph 6 of the Complaint.

6. Defendants admit the allegations in paragraph 7 of the Complaint that Defendants have conducted coal mining activities in the District. Beyond that, paragraph 7 contains conclusions of law to which no response is required.

## PARTIES

7. Defendants admit the allegations contained in paragraph 8 of the Complaint.

8. Paragraph 9 of the Complaint contains conclusions of law to which no response is required.

9. Defendants are without sufficient information to affirm or deny the allegations contained in paragraphs 10 through 12 of the Complaint, though they admit that each group has worked in West Virginia to oppose coal mining.

10. Paragraph 13 the Complaint contains conclusions of law to which no response is required. Beyond that, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 13. To the extent that paragraph 13 contains requests for relief, Defendants deny that Plaintiffs are entitled to such relief.

11. Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

## STATUTORY AND REGULATORY FRAMEWORK

12. To the extent that paragraphs 15 through 22 of the Complaint quote from, paraphrase, or characterize federal statutes and/or regulations, Defendants state that those statutes and/or regulations speak for themselves. Beyond that, paragraphs 15 through 22 contain conclusions of law to which no response is required.

13. To the extent that paragraph 23 of the Complaint quotes from, paraphrases, or characterizes federal statutes and/or regulations or the Federal Register, Defendants state that those statutes and/or regulations and the Federal Register speak for themselves. Beyond that, paragraph 23 contains conclusions of law to which no response is required.

14. To the extent that paragraphs 24 and 25 of the Complaint quote from, paraphrase, or characterize federal statutes and/or regulations, Defendants state that those statutes and/or regulations speak for themselves. Beyond that, paragraphs 24 and 25 contain conclusions of law to which no response is required.

15. Paragraph 26 of the Complaint contains conclusions of law to which no response is required.

16. To the extent that paragraph 27 of the Complaint quotes from, paraphrases, or characterizes federal statutes and/or regulations or the Federal Register or the West Virginia Code of State Rules, Defendants state that those statutes and/or regulations and the Federal Register and the West Virginia Code of State Rules speak for themselves. Beyond that, paragraph 27 contains conclusions of law to which no response is required.

17. To the extent that paragraph 28 of the Complaint quotes from, paraphrases, or characterizes West Virginia State statutes and/or regulations or the West Virginia

Code of State Rules, Defendants state that those statutes and/or regulations and the West Virginia Code of State Rules speak for themselves. Beyond that, paragraph 28 contains conclusions of law to which no response is required.

18. To the extent that paragraphs 29 and 30 of the Complaint quote from, paraphrase, or characterize federal statutes and/or regulations, Defendants state that those statutes and/or regulations speak for themselves. Beyond that, paragraphs 29 and 30 contain conclusions of law to which no response is required.

19. Defendants admit the allegations contained in paragraph 31 of the Complaint.

## FACTS

20. Defendants admit the allegations contained in paragraph 32 of the Complaint that WVDEP transferred West Virginia Surface Mining Permit No. S5075-86 to Elk Run in 1991 and that the permit was renewed in 2001 and 2006 and is still in effect. To the extent that paragraph 32 quotes from, paraphrases, or characterizes Permit No. S5075-86 Defendants state that the permit speaks for itself

21. Defendants admit the allegations contained in paragraph 33 of the Complaint that WVDEP issued WV/NPDES Permit WV1003968 to Elk Run in 1991 and that the permit was renewed in 1997, 2002 and 2007 and is still in effect. To the extent that paragraph 33 quotes from, paraphrases, or characterizes WV/NPDES Permit WV1003968, Defendants state that the permit speaks for itself.

22. Defendants admit the allegations contained in paragraph 34 of the Complaint that WVDEP issued West Virginia Surface Mining Permit No. S5057-92 to Elk Run in 1994 and that the permit was renewed in 2004 and 2009 and is still in effect. To the extent

that paragraph 34 quotes from, paraphrases, or characterizes Permit No. S5057-92 Defendants state that the permit speaks for itself.

23. Defendants admit the allegations contained in paragraph 35 of the Complaint that WVDEP issued WV/NPDES Permit WV1013441 to Elk Run in 1994 and that the permit was renewed in 1999, 2003 and 2007 and is still in effect. To the extent that paragraph 35 quotes from, paraphrases, or characterizes WV/NPDES Permit WV1013441, Defendants state that the permit speaks for itself.

24. Paragraphs 36 and 37 of the Complaint contain conclusions of law to which no response is required.

25. Defendants are without sufficient information to affirm or deny the allegations contained in paragraph 38 of the Complaint, but deny that there is any water quality standard establishing a specific conductivity level or sulfate level as a stressor, and deny that conductivity is a pollutant.

26. To the extent that paragraph 39 of the Complaint quotes from, paraphrases, or characterizes Elk Run's 2009 and 2010 Whole Effluent Toxicity (WET) tests in streams in the Laurel Creek watershed, Defendants state that those WET tests speak for themselves.

27. Defendants deny the allegations contained in paragraph 40 of the Complaint.

28. Defendants are without sufficient information to affirm or deny the allegations contained in paragraph 41 of the Complaint.

29. Defendants deny the allegations contained in paragraph 42 of the Complaint.

30. To the extent that paragraph 43 of the Complaint contains allegations of fact not previously admitted, Defendants deny them. Beyond that, paragraph 43 contains conclusions of law to which no response is required.

31. Defendants admit the allegations contained in paragraph 44 of the Complaint that WVDEP issued West Virginia Surface Mining Permit No. S3005-98 to Alex Energy in 2000 and that the permit was amended in 2002 and 2005, was renewed in 2005 and 2010, and is still in effect. To the extent that paragraph 44 quotes from, paraphrases, or characterizes Permit No. S3005-98 Defendants state that the permit speaks for itself.

32. Defendants admit the allegations contained in paragraph 45 of the Complaint that WVDEP issued WV/NPDES Permit WV1015362 to Alex Energy in 2000 and that the permit was renewed in 2005 and 2010 and is still in effect. To the extent that paragraph 45 quotes from, paraphrases, or characterizes WV/NPDES Permit WV1015362, Defendants state that the permit speaks for itself.

33. Defendants admit the allegations contained in paragraph 46 of the Complaint that WVDEP transferred West Virginia Surface Mining Permit No. S3013-91 to Alex Energy in 1999 and that the permit was renewed in 2002 and 2007 and is still in effect. To the extent that paragraph 46 quotes from, paraphrases, or characterizes Permit No. S3013-91 Defendants state that the permit speaks for itself.

34. Defendants admit the allegations contained in paragraph 47 of the Complaint that WVDEP transferred WV/NPDES Permit WV1012401 to Alex Energy in 1999 and that the permit was renewed in 2006 and 2008 and is still in effect. To the extent that paragraph 47 quotes from, paraphrases, or characterizes WV/NPDES Permit WV1012401, Defendants state that the permit speaks for itself.

35. Defendants admit the allegations contained in paragraph 48 of the Complaint that WVDEP issued West Virginia Surface Mining Permit No. S3007-02 to Alex Energy in 2004. Defendants admit the allegations contained in paragraph 48 of the Complaint that WVDEP issued WV/NPDES Permit WV1019601 to Alex Energy in 2005. To the extent that paragraph 48 quotes from, paraphrases, or characterizes Permit No. S3007-02 or WV/NPDES Permit WV1019601, Defendants state that the permits speak for themselves.

36. Defendants are without sufficient information to affirm or deny the allegations contained in paragraph 49 of the Complaint, but deny that there is any water quality standard establishing a specific conductivity level or sulfate level as a stressor, and deny that conductivity is a pollutant.

37. Paragraphs 50 and 51 of the Complaint contain conclusions of law to which no response is required.

38. Defendants are without sufficient information to affirm or deny the allegations contained in paragraph 52 of the Complaint.

39. To the extent that paragraph 53 of the Complaint quotes from, paraphrases, or characterizes Alex Energy's 2009 and 2010 Whole Effluent Toxicity (WET) tests in Robinson Fork, Defendants state that those WET tests speak for themselves.

40. Defendants deny the allegations contained in paragraph 54 of the Complaint.

41. To the extent that paragraph 55 of the Complaint contains allegations of fact not previously admitted, Defendants deny them. Beyond that, paragraph 55 contains conclusions of law to which no response is required.

**FIRST CLAIM FOR RELIEF**

### (Elk Runs Clean Water Act Violations)

42. Defendants respond to the allegations contained in paragraph 56 of the Complaint by incorporating their responses to paragraphs 1 through 55 of the Complaint.

43. Defendants admit the allegations contained in paragraph 57 of the Complaint.

44. Paragraph 58 of the Complaint contains conclusions of law to which no response is required.

45. To the extent that paragraph 59 of the Complaint contains allegations of fact, Defendants deny them. Beyond that, paragraph 59 contains conclusions of law to which no response is required.

46. Paragraphs 60 through 63 of the Complaint contain conclusions of law to which no response is required.

### SECOND CLAIM FOR RELIEF
### (Elk Run's SMCRA Violations)

47. Defendants respond to the allegations contained in paragraph 64 of the Complaint by incorporating their responses to paragraphs 1 through 63 of the Complaint.

48. Paragraphs 65 through 71 of the Complaint contain conclusions of law to which no response is required.

### THIRD CLAIM FOR RELIEF
### (Alex Energy's Clean Water Act Violations)

49. Defendants respond to the allegations contained in paragraph 72 of the Complaint by incorporating their responses to paragraphs 1 through 71 of the Complaint.

50. Defendants admit the allegations contained in paragraph 73 of the Complaint.

51. Paragraph 74 of the Complaint contains conclusions of law to which no response is required.

52. To the extent that paragraph 75 of the Complaint contains allegations of fact, Defendants deny them. Beyond that, paragraph 75 contains conclusions of law to which no response is required.

53. Paragraphs 76 through 79 of the Complaint contain conclusions of law to which no response is required.

## FOURTH CLAIM FOR RELIEF

### (Alex Energy's SMCRA Violations)

54. Defendants respond to the allegations contained in paragraph 80 of the Complaint by incorporating their responses to paragraphs 1 through 79 of the Complaint.

55. Paragraphs 81 through 87 of the Complaint contain conclusions of law to which no response is required.

## RELIEF REQUESTED

56. Defendants deny that Plaintiffs are entitled to any of the relief requested in Subparagraphs (1) through (14) under "Relief Requested."

57. Defendants deny each and every allegation contained in Plaintiffs' Complaint not herein expressly admitted.

## AFFIRMATIVE AND OTHER DEFENSES

58. Plaintiffs' action and the relief requested are or may be barred in whole or part by any or all of the following:

     a.    Under 33 U.S.C. § 1342(k), Defendants compliance with the relevant NPDES permits shield Defendants from an enforcement action brought under 33 U.S.C. § 1365.

     b.    Under W.Va. Code § 22-11-6, Defendants compliance with effluent limits contained in the relevant NPDES permits equals compliance with West Virginia's Water Pollution Control Act.

     c.    The fact that Defendants are not "in violation" of an effluent standard or limitation within the meaning of 33 U.S.C. § 1365(a).

     d.    A lack of standing.

     e.    Lack of subject matter jurisdiction.

     f.    Failure to state a claim for which relief can be granted.

     g.    Assumption of risk.

     h.    Statute of limitations.

     i.    Res judicata.

     j.    Release.

     k.    Waiver.

     l.    The doctrine of laches or the applicable statute of limitations.

     m    Upsets, allowable by-passes or acts beyond the reasonable control of the Defendants.

     n.    The fact that some of the discharges identified in the Complaint may not have been to a "water of the United States."

     o.    Failure to join a party under Rule 19.

59.    Defendants hereby give notice that, as appropriate, they intend to rely on such affirmative defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure that may become available or apparent to them during the course of discovery and reserve the right to amend their answer to assert any such or any other defense.

        Respectfully submitted,

        ELK RUN COAL COMPANY, INC., and
        ALEX ENERGY, INC.,

        By Counsel

//s//*Matthew S. Tyree*
MATTHEW S. TYREE, WVBN 11160
M. SHANE HARVEY, WVBN 6604
JACKSON KELLY, PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, West Virginia 25322
*Counsel for Defendants*

{C2321665.1}         11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY, and
SIERRA CLUB,**

    **Plaintiffs,**

  v.           CIVIL ACTION NO. 3:12-cv-0785

**ELK RUN COAL COMPANY, INC.,
and ALEX ENERGY, INC.,**

    **Defendants.**

### CERTIFICATE OF SERVICE

    I, Matthew S. Tyree, do hereby certify that a true and exact copy of the foregoing ANSWER OF DEFENDANTS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR CIVIL PENALTIES was caused to be served upon the following via United States mail, postage pre-paid, this 8th day of May, 2012.

        J. Michael Becher
        Joseph M. Lovett
        Appalachian Mountain Advocates
        P.O. Box 507
        Lewisburg, WV 24901

        //s//*Matthew S. Tyree*

{C2321665.1}