IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL COALITION,
WEST VIRGINIA HIGHLANDS CONSERVANCY and
SIERRA CLUB,

          Plaintiffs,

v.                        CIVIL ACTION NO.   3:12-0785

ELK RUN COAL COMPANY, INC. and
ALEX ENERGY, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Certify Order for Immediate Appeal. ECF No. 115. Defendants ask the Court to amend its January 3, 2014, Memorandum Opinion and Order, ECF No. 103, and its June 4, 2014, Memorandum Opinion and Order, ECF No. 110, certifying the Orders as immediately appealable pursuant to 28 U.S.C. § 1292(b). Defendants further move for an order staying proceedings until such time as "(1) it is resolved whether an interlocutory appeal by permission will be accepted by the Fourth Circuit Court of Appeals; and (2) if such an appeal is accepted, until the Fourth Circuit Court of Appeals has issued a final decision in the interlocutory appeal.

Defendants' Motion is granted in part and denied in part. The Court **GRANTS** that portion of Defendants' Motion requesting amendment of two earlier orders to include certification for immediate appeal and **DENIES** that portion of Defendants' Motion requesting a stay in proceedings before this Court.

I. **BACKGROUND**

Plaintiffs bring this action pursuant to the citizen suit provisions of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA") and the Surface Mining Control and Reclamation Act ("SMCRA"). Plaintiffs allege that Defendants Elk Run Coal Company, Inc., ("Elk Run") and Alex Energy, Inc., ("Alex Energy") violated these statutes by discharging excessive amounts of ionic pollution, measured as conductivity and sulfates, into the waters of West Virginia in violation of their National Pollutant Discharge Elimination System ("NPDES") permits and their West Virginia Surface Mining Permits.

Pursuant to this Court's July 13, 2012, Scheduling Order, ECF No. 16, this case is proceeding in two phases: Phase I resolved issues of jurisdiction and liability, and Phase II will resolve issues of appropriate injunctive relief and civil penalties.

Prior to trial, Defendants moved for summary judgment, arguing that: (1) Section 402(k) of the CWA shields Defendants from liability insofar as they operated in compliance with their NPDES permits; (2) imposing liability for discharges would deprive Defendants of their due process rights; (3) like the CWA based claims, Plaintiffs' SMCRA claims are also barred by the CWA's permit shield; and (4) Plaintiffs have failed to demonstrate that Defendants' discharges are causing violations of West Virginia's narrative water quality standards. ECF Nos. 59, 61. On November 25, 2013, the Court issued a Memorandum Opinion and Order, ECF No. 84, denying Defendants' motion for summary judgment and reserving discussion of its bases for denying the motion with respect to two grounds of argument for a subsequent opinion. On January 3, 2014, the Court issued the subsequent Memorandum Opinion and Order, ECF No. 103, further explaining the bases for its decision regarding its previous denial of Defendants' CWA permit shield defense and due process rights.

On December 3-4, 2013, the Court held a trial on issues of jurisdiction and liability. On June 4, 2014, the Court issued a Memorandum Opinion and Order, ECF No. 110, finding that Plaintiffs had established statutory jurisdiction and that Defendants had committed at least one permit violation. On July 18, 2014, the Court issued a Scheduling Order, ECF No. 114, setting Phase II trial to determine appropriate injunctive relief and civil penalties on December 2, 2014.

Defendants now move for this Court to amend its January 3, 2014, Memorandum Opinion and Order explaining denial of summary judgment, ECF No. 103, and its June 4, 2014, Memorandum Opinion and Order concluding the liability phase of these proceedings, ECF No. 110, certifying each order for immediate appeal. ECF No. 115. Given the unique procedural situation wherein the Court denied Defendants' motion for summary judgment and provided discussion of its reasoning in two distinct opinions, for purposes of the instant motion, the Court will understand Defendants' request for amendment to also include the initial order denying summary judgment issued on November 25, 2013, ECF No. 84. Defendants seek immediate appellate review of the following three legal questions:

(1) Whether, as a matter of law, West Virginia coal companies that hold NPDES permits must meet all applicable water quality standards, including those not expressed as effluent limits in the permits;

(2) Whether, as a matter of law, the Court erred in determining compliance with West Virginia's narrative water quality standards; and

(3) Whether, as a matter of law, Defendants were deprived of their due process rights by the Court's finding that the Defendants are liable for NPDES permit violations due to discharges of conductivity.

## II. ANALYSIS

In general, appellate review is reserved for final judgments. 28 U.S.C. § 1291; *see United States v. Nixon*, 418 U.S. 683, 690 (1974) ("The finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals."); *Evergreen Int'l (USA) Corp. v. Standard Warehouse*, 33 F.3d 420, 423 (4th Cir. 1994) ("[Finality] is an important component of the judicial structure, for, as a general matter, it prevents the entanglement of the district and appellate courts in each other's adjudications in an unruly and ultimately inefficient way."). Notwithstanding this general rule, 28 U.S.C. § 1292(b) does allow for interlocutory appeals in limited circumstances. However, given that federal law strongly favors finality in the district court before an appeal is pursued, § 1292(b) "'should be used sparingly and . . . its requirements must be strictly construed.'" *Woodcock v. Mylan, Inc.*, No. 2:09:00507, 2009 WL 4730820 (S.D.W.Va. Dec. 4, 2009) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

In order to satisfy the statutory requirements for discretionary appeal under § 1292(b), a district judge must certify (1) that the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Each requirement is discussed in turn below.

*1. Controlling issue of law*

For purposes of applying the statutory requirements, "a question is controlling if its incorrect disposition would require reversal of a final judgment for further proceedings." *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F.Supp. 849, 852 (E.D.N.C. 1995). However, a question is not controlling where the underlying litigation would likely continue regardless of how the question is decided. *Id.* at 852-53. Furthermore, certification is inappropriate where a question

of law is "grounded in the specific facts of the case, and cannot be divorced from the facts in such a way that it is a 'controlling issue of law.'" *Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1198 (E.D.Va. 1991), *vacated on other grounds by Shaffer v. Farm Fresh, Inc.* 966 F.2d 142 (4th Cir. 1992).

Defendants argue that the identified orders include controlling issues of law because reversal of this Court's orders on summary judgment or Phase I would render further Phase II proceedings unnecessary.[1] Plaintiffs concede that the issue of whether NPDES permittees "must meet water quality standards for parameters that are not expressed as effluent limits in [their] permits" is a controlling question of law. However, Plaintiffs further respond that the remaining two issues identified by Defendants are mixed questions of law and fact, and therefore interlocutory appeal would be inappropriate.

Despite Plaintiff's arguments to the contrary, this Court is of the opinion that the issue of determining compliance with West Virginia's narrative water quality standards is a question of law. Indeed, this Court did also consider whether Defendants had complied with West Virginia's narrative water quality standards, but should the Fourth Circuit determine that the question warrants its attention, it is possible to isolate the legal question for purposes of immediate appeal.

Similarly, this Court is of the opinion that the issue of whether Defendants had sufficient notice that their NPDES permits subjected them to liability for ongoing and substantial conductivity discharges is a controlling issue of law. West Virginia Code of State Rules § 47-30-5.1.f was incorporated by reference in Defendants permits and provides that "discharges covered by a WV/NPDES permit are to be of such quality so as not to cause violation of applicable water quality standards promulgated by [W.Va. Code R. § 47-2]." Whether that section provides

---

[1] Defendants further call attention to the fact that these same legal issues are involved in other cases pending before the Court. This point will be discussed below as it more appropriately relates to the final statutory requirement.

adequate notice of potential liability can be determined as a matter of law. Indeed, as will be discussed below, the greater difficulty here is instead in showing that there is ground for difference of opinion as to notice of potential liability.

### 2. *Substantial ground for difference of opinion*

The question of whether there is "substantial ground for difference of opinion" must be considered not from the perspective of the parties, but from that of the courts. *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp.2d 612, 624 (D.Md. 2013) (quoting *Randolph v. ADT Sec. Services, Inc.*, No. DKC 09-1790, 2012 WL 273722 (D.Md. Jan. 30, 2012). That a controlling issue of law may be an issue of first impression does not necessarily translate into there also being substantial ground for difference of opinion. *Id.* (citing *In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996). Furthermore, that a question of law is complex or difficult does not justify immediate appeal pursuant to 28 U.S.C. § 1292(b). *Ntsebeza v. Daimler A.G. (In re South African Apartheid Litig.)*, 624 F.Supp. 2d 336, 339 (S.D.N.Y. 2009).

Defendants argue that difficult and unprecedented issues underlying this Court's assessment of whether Defendants have complied with West Virginia's narrative water quality standards. Plaintiffs in turn argue that Defendants have provided no authority reaching different results than that reached by this Court. The requirement that permittees comply with state narrative water quality standards is particularly supported by unanimous case law requiring compliance, though that case law is predominantly out of circuit. *See NRDC v. County of Los Angeles*, 725 F.3d 1194, 1205 (9th Cir. 2013); *Northwest Envtl. Advocates v. City of Portland*, 56 F.3d 979, 986-88 (9th Cir. 1995); *Ohio Valley Envtl. Coal., Inc. v. Marfork Coal Co., Inc.*, 966 F.Supp.2d 667, 685 (S.D.W.Va. 2013); *New Manchester Resort & Golf, LLC v. Douglasville Development, LLC*, 734 F.Supp.2d 1326, 1336-39 (N.D.Ga. 2010); *Swartz v. Beach*, 229 F.Supp.2d 1239, 1270-72 (D.Wyo. 2002); *Gill v. LDI*, 19 F.Supp.2d 1188, 1195 (W.D.Wash. 1998).

Undoubtedly, this case presents complex and difficult issues of law. As correctly identified by Plaintiffs, however, that alone is insufficient to justify certification. That said, environmental issues have been particularly identified by the Fourth Circuit as lending themselves to significant dispute given their complexity. *Peele*, 889 F.Supp. at 852. That particular characteristic combined with the novelty of the compliance issues raised in this case and similar cases waiting in the wings does suggest that immediate appeal may be appropriate.

*3. Materially advancing the ultimate termination of the litigation*

Defendants argue that immediate appellate review materially advances the ultimate termination of the litigation because reversal of this Court's previous orders would render Phase II proceedings unnecessary. Furthermore, Defendants note that additional cases are already pending that rely on the same questions of law raised here. Thus, immediate appeal not only advances potential termination of the instant litigation, but also related cases already filed or waiting in the wings. Plaintiffs respond that certification for immediate appeal would be wasteful because the case is only partially resolved and Phase II proceedings are expected to be brief.

The Court ultimately agrees that immediate appeal on the legal questions raised would materially advance the ultimate termination of the litigation. Given the added possibility of advancing resolution of related cases, potential gains in efficiency resulting from immediate appeal—should the Fourth Circuit determine the questions warrant its immediate attention—outweigh the potential wastefulness identified by Plaintiffs.

That said, the Court also recognizes the potential for immediate appeal to instead have the unfortunate effect of causing not only delay but also material damage to the waters of West Virginia in the interim. Defendants ask the Court to amend long-issued orders without comment asserting good cause for having delayed their request until August 15, 2014. Considering the application of Rule 5(a) of the Federal Rules of Appellate Procedure to 28 U.S.C. § 1292(b), the

Seventh Circuit has cautioned against allowing amendments of previously issued orders where there has been gratuitous delay, potentially undermining the ten-day limitation found in the statute. *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) ("The grant of a power is not a license to abuse it. The ten-day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend.").

Despite the arguably dilatory character of Defendants' motion, the Court remains of the opinion that amendment and certification for appeal is substantively warranted. However, the Court cannot abide the possibility of further delay that would result from staying these proceedings, as requested by Defendants. The Court therefore denies Defendants' request to stay proceedings until such time as the Fourth Circuit accepts or denies an immediate appeal. In so doing, the parties can be assured of continued advancement toward the termination of litigation—either through Phase II proceedings as scheduled or through consideration by the Fourth Circuit.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** that portion of Defendant's Motion to Certify Order for Immediate Appeal requesting amendment of this Court's January 3, 2014, Memorandum Opinion and Order, and June 4, 2014, Memorandum Opinion and Order to include certification for appeal, and the Court **DENIES** that portion of Defendant's Motion to Certify Order for Immediate Appeal requesting a stay in the current proceedings.

It is ORDERED that the motion for certification, pursuant to 28 U.S.C. § 1292(b), for immediate appeal of the denial of Defendants' motion for summary judgment is hereby granted and that the Court's Orders of November 25, 2013, and January 3, 2014, are hereby modified to include the following additional paragraph:

The Court certifies, pursuant to 28 U.S.C. § 1292(b), that it is of the opinion that the denial by this Order of defendants' motion to dismiss plaintiffs' claim with respect to Defendants' asserted Clean Water Act permit shield defense and due process rights involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

It is further ORDERED that the motion for certification, pursuant to 28 U.S.C. § 1292(b), for immediate appeal of this Court's Order issued at the close of Phase I proceedings and finding Defendants liable for committing at least one violation of its permits is hereby granted and that the Court's Order of June 4, 2014, is hereby modified to include the following additional paragraph:

The Court certifies, pursuant to 28 U.S.C. § 1292(b), that it is of the opinion that the finding of this Order that each Defendant has committed at least one violation of its permits involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 17, 2014

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE